UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LANCE HOWARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:17-cv-04239-TWP-MPB |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

**Order Granting Motion to Dismiss the Petition for a Writ of Habeas Corpus**

The petitioner filed a petition for a writ of habeas corpus challenging a prison disciplinary proceeding in which he was found guilty. The respondent moves to dismiss the petition, arguing that the petitioner did not suffer a grievous loss in the disciplinary hearing and therefore, for purposes of 28 U.S.C. § 2254, he cannot obtain habeas relief.

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). If the sanctions imposed in a prison disciplinary proceeding do not potentially lengthen a prisoner's custody, then those sanction cannot be challenged in an action for habeas corpus relief. *See Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (*per curiam*). Typically, this means that in order to be considered "in custody" for the purposes of challenging a prison disciplinary proceeding, the petitioner must have been deprived of good-time credits, *id.*, or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001). When such a sanction is not imposed, the prison disciplinary officials are "free to use any procedures it chooses, or no procedures at all." *Montgomery*, 262 F.3d at 644.

Here, the petitioner's sanction did not include the loss of good-time credits or a demotion in credit-class earning. Therefore, the petitioner is not "in custody" under § 2254, and therefore the respondent's motion to dismiss, dkt. [13], must be **granted**. The petitioner's motion to show cause and respond to the respondent, dkt. [16] is considered and **denied**.

The petitioner's petition for a writ of habeas corpus is **dismissed**. Final Judgment in accordance with this decision shall now issue.

**IT IS SO ORDERED**

Date: 2/7/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

LANCE HOWARD
250494
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant
Court Use Only

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov